# Douglass *v.* Moody *et al.*

*Bill in Equity to Declare Absolute Conveyance a Mortgage, and for Redemption.*

1. *Whether conveyance absolute in form is a conditional sale or mortgage; character of evidence.*—When the controversy is whether a conveyance, absolute in form, was intended as an unconditional sale or as a mortgage, the evidence must be clear and convincing to overcome the terms of the writing; but, where the controversy is whether it was intended as a conditional sale, with a reservation of the right to repurchase, or as a mortgage, a court of equity leans to the latter construction.

2. *Same; intention of both parties must be shown.*—The concurring intention of both parties must be shown, before the transaction can be established and treated as a mortgage; and if it appears that the defendant considered and intended it as a conditional sale, though the complainant intended it as a mortgage, this does not make a "doubtful case," nor require the court to adopt the complainant's construction.

3. *Same; indicia of mortgage, when not conclusive.*—The fact that the negotiations between the parties originated in an application for a loan of money, is regarded as one of the principal indicia of a mortgage; but, when it is shown that the application for a loan was repeatedly declined, and, after the negotiations were broken off, the defendant's proposal of a conditional sale was accepted, the weight of that circumstance is destroyed.

4. *Same.*—Great disparity between the price paid and the value of the property, is also one of the indicia of a mortgage; but, when it is shown that the property was not in demand at the time, its value being prospective and speculative, a subsequent advance in its value, arising from unforeseen and adventitious circumstances, cannot be considered in this connection.

5. *Bill filed with double aspect.*—If the bill alleges that the transaction was a mortgage, the complainant can obtain no relief founded on a conditional sale.

APPEAL from the Chancery Court of Tuskaloosa.

Heard before Hon. THOMAS COBBS.

This was a bill filed by Leroy E. Douglass against Frank S. Moody and Bernhard Friedman, and sought to have declared a mortgage, a deed absolute in its terms, which the complainant and his wife had previously executed to the defendants; and was commenced on 31st May, 1881.

The complainant alleges that in June, 1880, he borrowed from the defendants five hundred dollars, two hundred and fifty dollars from each; and to secure its repayment within the stipulated time, he conveyed to them by deed his interest in certain lands in Tuskaloosa county; that he further made an independent agreement with the grantees that he would pay them a *bonus* of one hundred dollars for the use of the five hundred for ninety days; that the conveyance was in the form of an absolute deed, because the complainant believed it would be more satisfactory to the defendants than a mortgage, as the complainants had been investing the money of his wife in some of his transactions. The bill avers that the complainants wrote a letter to the defendant, Moody, a short time before the expiration of the ninety days in which the loan was to be repaid, asking an extension of the time of payment, and offered a liberal *bonus* for further indulgence; that he stated in said letter that if he failed to secure the indulgence asked he would arrange to pay the defendant, Moody, the amount due him within the ninety days, but that he received no answer to his letter; that he tendered to the defendant, Friedman, one-half of the six hundred dollars, agreed to be paid, within the ninety days, and that said Friedman refused to accept it, because the whole amount was not offered. The bill alleges that it was the intention of the parties that the deed should be only as a security for the payment of the loan made by defendants to complainant and prays that it be declared a mortgage and that complainant be permitted to redeem.

The defendants answered, admitting that the complainant applied several times to them for a loan, but that it was refused. That afterwards, complainant offered to sell, and did sell to the defendants the lands described in the deed, for the sum of five hundred dollars, which was a fair market value at the time: that they made an independent oral agreement to re-sell said landed interest to complainant, within a given time, at the price of six hundred dollars; that it was understood between all parties, at the time, that the transaction was what it purported to be, a straight-out sale. The defendants deny that the complainant wrote to Moody, asking an extension of time, nor did he offer to repurchase, according to the terms of the verbal agreement.

[Douglass v. Moody et al.]

On final hearing, on pleadings and proof, the chancellor rendered a decree dismissing complainant's bill. The complainant appeals from the decree and assigns the same as error.

J. M. MARTIN, PETER HAMILTON, for appellant, cited *McNeill v. Norsworthy*, 39 Ala. 159; *Turner v. Wilkinson*, 72 Ala. 361; *Mobile &c. v. Robertson*, 65 Ala. 387; *Holmes v. Grant*, 8 Paige Ch. Rep. 238; *Russell v. Southard*, 12 How. 148; *Conway's Exrs. v. Alexander*, 7 Cranch 218; *Brown v. Dewey*, 1 Sand. 71; *Eiland v. Radford* 7 Ala. 726; *Malone v· Marriott*, 64 Ala. 470-4; *Chapman v. Hughes*, 14 Ala. 220; *Chaudron v. Magee*, 8 Ala. 570; *Filton v. Fofield*, 93 U. S. 163; *West v. Hendrix*, 28 Ala. 226; *Brantley v. West*, 27 Ala. 552; *Bishop v. Bishop*, 13 Ala. 475; *Swift v. Swift*, 36 Ala. 153; *Haynie v. Robertson*, 58 Ala. 38; *Jenkins v. Harrison*, 66 Ala. 354, and *Clark v. Taylor*, 68 Ala. 454. (Head-note 7).

McEACHIN & McEACHIN; WOOD & WOOD; A. C. HARGROVE, *contra.*—Was the absolute deed a *bona fide* transaction, or was it intended by all the parties, as a mortgage in disguise? This is the paramount question at issue. The absolute deed must stand as the sole expositor of the contract, unless the complainant shows, under the most stringent rules of evidence, that a mortgage only was intended. *Peeples v. Stolla*, 57 Ala. 53; *West v. Hendrix*, 28 Ala. 226; *Logwood v. Hussey*, 60 Ala. 417; *Haynie v. Robinson*, 58 Ala. 37; *McKinstry v. Conlon*, 12 Ala. 678; *Brantley v. West*, 27 Ala. 542; *Eiland v. Radford*, 7 Ala. 724; *Bogan v. Cowart*, 21 Ala. 92; *Chapman v. Hughs*, 14 Ala. 218; *Lane v. Dickerson*, 10 Yerger 373; 1 Jones on Mortgages, §§ 266, 267; 1 Herman on Mortgages, R. E. § 150. And the proof in such a case must be clear and convincing. *Brantley v. West*, 27 Ala. 542; 1 Brickell's Digest, p. 271, sec. 318. It must be clear, consistent and convincing. *West v. Hendrix*, 28 Ala. 226. It must be strong and stringent. *Bishop v. Bishop*, 13 Ala. 475. It must not only be clear and convincing, but it must be strong and stringent. *Parks v. Parks*, 66 Ala. 326. Loose declarations will not weigh in such a case. I Brickell's Digest, p. 271, § 318. Casual remarks of a man about his property will not be considered in such a connection. *Bishop v. Bishop*, 13 Ala. 475. It will not be sufficient to raise a doubt or suspicion about whether or not the deed expresses the true contract of the parties. *Brantly v. West*, 27 Ala. 542. But the presumption arising from the conveyance, that it fully speaks the whole truth, must prevail until the contrary is established beyond all

[Douglass v. Moody et al.]

reasonable controversy. For, say the Supreme Court of the United States, in *Howland v. Blake*, 7 Otto (97 U. S.): " A judgment of the court, a deliberate deed or writing, are of too much solemnity to be brushed away by loose and inconclusive evidence." The complainant has no extrinsic evidence to rely on for relief. The inadequacy of price is not established, and even if it were, it could cut no figure against the positive proof as to the contract. *West v. Hendrix*, 28 Ala. 226; *Peeples v. Stolla*, 57 Ala. 53; 1 Jones on Mortgages, § 275; *Murphy v. Bradfield*, 27 Ala. 634; *Bishop v. Bishop*, 13 Ala. 475; *Brantly v. West*, 27 Ala. 542. The corroborating circumstances are all against the theory of a mortgage. There was no note or other evidence of debt existing between the parties, and, in fact, there was no debt due from complainant to respondents, which the latter could enforce against the former, or his property; and where there is no such debt, there can be no mortgage. *McKinstry v. Conly*, 12 Ala. 678; *Haynie v. Robinson*, 58 Ala. 37. "The rule is without exception," says Judge Walker, in *Swift v. Swift*, 36 Ala. 147, "that where no debt exists, a mortgage is impossible. It is a necessary ingredient of a mortgage, that the mortgagee should have a remedy against the person of the debtor. There can be no right of redemption on one side, unless there be a right of foreclosure on the other." See, also, *West v. Hendrix*, 28 Ala. 226; *Conway v. Alexander*, 7 Cranch 28; *Chapman v. Hughs*, 14 Ala. 218; *Peeples v. Stolla*, 57 Ala. 53. If there be a written defeasance accompanying an absolute deed, and it is doubtful whether this contract was intended to ingraft on the deed the properties of a conditional sale or a mortgage, a court of chancery will construe it the latter rather than the former. *McNeill v. Norsworthy*, 39 Ala. 156. But the principle extends no farther. Complainant's counsel read from the case of *Locke v. Palmer*, 26 Ala. 312, to sustain the proposition, that, in case of doubt whether a conveyance was an absolute deed or a mortgage, a court of chancery would hold it to be a mortgage. This case was well calculated to mislead, until our Supreme Court removed the difficulty. Judge Stone, in *Parish v. Gates*, 29 Ala. 254, clearly shows that the decision mentioned was perverted from its true sense and meaning, by clerical errors. Said he, "where the word 'absolute' precedes the word 'sale,' the word ' conditional' should be substituted. Parol evidence is admissible, under certain circumstances, to show that a deed absolute on its face was intended by all the contracting parties to operate as a mortgage. This is an exception to the general rule excluding parol testimony to change a written instrument, and is the limit of the exception. The Supreme Court is disposed to regret the exception rather than ex-

tend it, said Judge Somerville in a recent case. Parol testimony is not admissible to show that an absolute deed was intended as a conditional sale. 1 Jones on Mortgages, § 227; *McKinstry v. Conly*, 12 Ala. 678. The question in this case does not arise upon the construction of a doubtful defeasance as whether a certain written instrument is a mortgage or a conditional sale; but upon a deed absolute upon its face—which may be shown to be a mortgage in disguise, by parol testimony. The problem that complainant's counsel would present, under the above principle is—not whether the contract was an absolute deed or a mortgage—as the bill of complainant presents it—but whether, if not an absolute deed, it is a mortgage or a conditional sale. This is going one step too far with parol testimony, and is entirely without the bounds of the limited exception to the general rule of evidence. *Couch v. Woodruff*, 63 Ala. 466; *Cargyle v. Rogan*, 65 Ala. 287; 1 Jones on Mortgages, § 277. The oral agreement for a resale was void under our Statute of Frauds, even if parol evidence was admissible to show that an absolute deed was intended as a conditional sale. Code of Alabama, § 2121. Respondents say that there was no technical conditional sale, but simply an oral agreement on their part to resell to complainant. "When a deed is made for a consideration paid at the time, it will not lose the character of an absolute conveyance, by an agreement on the part of the vendee to allow the vendor to repurchase at a future day." *West v. Hendrix*, 28 Ala. 226. Even if the agreement to resell had been in writing, and cotemporaneous with the absolute deed, the transaction would not have been, strictly speaking, a conditional sale, but a sale with a right to repurchase. The sale would be valid—the fee would pass—and the contract to resell would stand upon its own footing, and could be enforced by a bill for specific performance. *Peeples v. Stolla*, 57 Ala. 53; *Haynie v. Robinson*, 58 Ala. 37; *Hickman v. Cantrell*, 9 Yerger 172; *West v. Hendrix*, 28 Ala. 226; *Brantly v. West*, 27 Ala. 552; *Lane v. Dickerson*, 10 Yerger 373; *Bogan v. Cowart*, 21 Ala. 92; *Chapman v. Hughs*, 14 Ala. 218; *Logwood v. Hussey*, 60 Ala. 417. But even if the contract be held to be a conditional sale—and this the complainant does not ask, but utterly repudiates—still no relief can be granted under this aspect of the case. We say that the complainant did not comply with the terms of the oral agreement to resell. No tender was made to Moody, one of the tenants in common. The letter from Chattanooga, even if written and received, did not relieve the complainant from the necessity of a tender. Parsons on Contracts. The tender to Friedman was not good, because it was unaccompanied by a deed. *Blood v. Goodrich*, 9 Wend. 68; 1 Brickell's Digest,

[Douglass v. Moody et al.]

p. 311, § 69. But more especially and certainly was it not good, because Friedman and Moody were joint purchasers and tenants in common, and a tender to Friedman was not good, unless the entire amount due was offered. Freeman on Co-tenancy and Partition, 176, 177, 371-2; 2 Jones on Mortgages, 894; *Graham v. Linden*, 50 N. Y. 547; Fisher on Mortgages, 526; 1st Hilliard on Mortgages, 404; *Johnson v. Caudage*, 31 Me. 28. It is clear that under this bill, the complainant has no right to have the transaction declared a conditional sale, or a contract to resell, and have a specific performance declared. The court says, in *Swift v. Swift*, 36 Ala. 147: "The bill alleges that the contract between the parties was a mortgage, not a conditional sale; whereas it was, in fact, a conditional sale and not a mortgage. The contract proved, therefore, is not the contract alleged." *Parish v. Gates*, 29 Ala. 254, was a bill filed to have a bill of sale absolute on its face declared a mortgage—very like the bill of complaint at bar,—and the court held, Justice Stone delivering the opinion, that if the transaction was shown to be a conditional sale, the bill was not framed so as to entitle the complainant to relief. See, also, *Peeples v. Stolla*, 57 Ala. 53.

CLOPTON, J.—The bill alleges that the conveyance to the one-half interest in the lands, mentioned therein, executed by complainant to the defendants, though absolute in form, was intended as security for the payment of money, borrowed by him from them, which he agreed to pay, with the *bonus*, by September 25, 1880. The answers of the defendants deny any loan of money, or such agreement; but aver that the understanding was, that complainant should have the right to repurchase on payment of the stipulated amount within the time specified. Therefore, it is an admitted fact in the case, that the transaction was not an absolute, unconditional sale; but that, by a contemporaneous parol agreement, the deed was delivered on conditions not expressed therein, by a compliance with which the complainant had a right to re-acquire title to the lands. The point of contention is, whether the qualified right is a right of repurchase, or of redemption.

Whether a parol agreement, that the grantor shall have the right to repurchase, where the conveyance is absolute, is void under the statute of frauds, it is not necessary to consider. The question does not arise. It is well settled, that parol evidence is admissible to show, that a deed apparently absolute was intended as a mortgage. The requisite degree of proof varies as the controversy may be, whether an *unconditional* sale or a mortgage, and whether a *conditional* sale or a mortgage, was intended. In the former case, the evidence must be clear and convincing; in the latter, courts of equity are inclined to con-

[Douglass v. Moody et al.]

sider the transaction as a mortgage.—*Turner v. Wilkinson,* 72 Ala. 361. The complainant will be given the benefit of the rule last stated, in the consideration of the evidence. The rule, however, does not create a presumption of law, that such transaction is a mortgage, nor does it cast on defendants the burden of proving, that it is a conditional sale, as appellant's counsel insist. The extent of the rule is, when on an examination of the entire evidence, the intention of the parties remains in doubt, the court leans to the construction in favor of a mortgage, not because of any presumption of law, but on the conservative and equitable ground, that such construction will probably be less injurious in its results, and more generally promotive of the purposes of equity. The concurring intention of the parties at the time of making the transaction, determines its character; and this intention must be collected, if it reasonably can, from the attendant facts and circumstances.

The complainant alleges, that he never saw or heard of the written memorandum, which was recorded with the deed, until long after it was recorded, and the defendants had refused to allow a redemption of the lands, and that he never consented to the terms therein expressed. The defendants concede, that it did not constitute a part of a written contract, and was prepared after the delivery of the conveyance, for their private use, to preserve an accurate statement of the terms, having been recorded by inadvertence or mistake. As the memorandum was not made contemporaneously with the deed as a part of the transaction, and as complainant is not a party thereto, it is not obligatory on him, nor is it evidence against him. But if he chooses to treat it as evidence of an admission of a conditional execution of the conveyance, it must also be regarded as evidence of the terms and character of the condition, receiving the consideration, to which, in the opinion of the court, it may be entitled. The memorandum may, therefore, be eliminated from the case as a contract, or part of the transaction. If eliminated, there is no written defeasance, from which, as interpreted and illustrated by the other facts and the surrounding circumstances, the intention of the parties may be ascertained. The issue is distinctly presented, resting exclusively on parol evidence, whether the agreement was, that the deed should stand as security for the payment of money loaned, or was a mere right to repurchase; and must be determined on the evidence, as any other fact involved in a judicial investigation.

Without respect to the form, a conveyance of lands, which is intended as security for a contemporaneous loan of money, equity regards as a mortgage. The right of redemption attaches to such conveyance as an inseparable incident. To invoke the application of the doctrine, a loan and an intended

[Douglass v. Moody et al.]

security must be shown by sufficient evidence, though it may be circumstantial. That the transaction originated in a negotiation for a loan of money; great disparity between the value of the property and the price paid; and the continuance of a debt for which the grantor is liable, are usually regarded *criteria* of primary importance, in determining the question. Though the existence of either is a strong circumstance, the concurrence of all is not conclusive, but devolves on the grantee the burden to rebut the presumptions arising therefrom by clear and convincing evidence.--*Turner v. Wilkinson, supra.* The fact is conceded, that complainant's first proposition was for a loan of money, to be secured by a lien on the lands in controversy, which was repeated several times, and on different occasions. If the evidence of the defendants be believed, the propositions were promptly declined as often and when made; and after an interval of some days, the complainant proposed to one of the defendants to sell the lands with the right to repurchase, which offer was finally accepted, and a sale consummated. The value and weight of the circumstance, that the first propositions were for a loan, depend upon the ascertainment, whether the negotiation was continuing or had terminated, and the offer to sell became and was a separate and independent proposition, consequent on the failure to obtain a loan?

Comparing the respective versions of the parties, the defendants' appears the most natural and rational as a business transaction; considering it, as exhibited in complainants' testimony—a continuous negotiation for a loan from its inception to its consummation—the reason stated by him for giving an absolute deed is unsatisfactory. If a mortgage had been offered, and an indefeasible conveyance demanded, there would have been plausibility in his explanation, and consistency in his version of the negotiations. But without offering a mortgage, or making any inquiry, he voluntarily gave an unconditional conveyance in form, because of an alleged belief, that the defendants would not accept a mortgage, by reason of an apprehension that his wife might have some claim to the property, which was purchased by him at a register's sale, and the legal title to which was vested in him; as if the one mode of conveyance would be more effectual against a just claim of the wife than the other, each being signed by her. No evidence of a loan was taken, or requested, or offered. While a bond, bill, or note, or any written evidence of a debt is not requisite, and proof of a loan itself proves a debt, the absence of such independent evidence is a circumstance, going to show a conditional sale, and that payment is optional, the value being dependent upon its connection with the attendant facts and cir-

cumstances.—*Mo. B. & L. Asso'n. v. Robertson*, 65 Ala. 382; *Conway v. Alexander*, 7 Cr. 218. Neither can it be said, that the necessities of the complainant put him at a disadvantage in making the transaction. It does not appear that he needed the money because of financial misfortunes and embarrassments, nor to meet urgent demands and necessities. He desired it for the purpose of making an investment in other lands, from which he anticipated a speedy and large profit.

It may be admitted that the testimony shows disparity between the value of the lands and the consideration paid. They were mineral lands, their market value dependent, in a great measure, on locality and facilities of transportation. The entire lands were offered for sale several times by the register under a decree of the Chancery Court, when no bid was obtained which he was willing to report; and when last offered in April, 1879, were purchased by the complainant and two other persons for fourteen hundred dollars. At the time of the transaction between the parties, they were not in demand; and their value was prospective. Ordinarily, only those who are financially able to wait future developments could or would purchase. In such case, the opinions of witnesses can not be weighed with nicety and exactness. The subsequent advance in value, arising from unforseen, adventitious circumstances, has no retroactive effect on the character of a past transaction. Inadequacy of consideration, alone, is not sufficient to convert an absolute conveyance into a mortgage.— *West v. Hendrix*, 28 Ala. 226.

We will not tediously and unnecessarily extend this opinion, by reviewing all the details and circumstances disclosed by the evidence, or the subsequent conduct of the parties. The complainant stands alone, while his testimony is contradicted by both of the defendants, who are sustained by two other witnesses. Conceding that the parties stand on an equal footing as to interest, and according to all the witnesses, truthfulness and honesty of purpose, the conclusion most favorable to complainant is, that he regarded the transaction as creating a mortgage, and the defendants regarded it as a conditional sale. We have said, the *concurring* intention of all the parties determines the character of the transaction, and when ascertained, must prevail. "It is not the intention of the one party, dissociated from the intention of the other, which is to be ascertained." The mutual assent of the parties is essential to the completion of a contract. The ascertainment of different intentions and different understandings does not make a "doubtful case," in which equity will construe the transaction to be a mortgage. In *West v. Hendrix, supra*, it is said : "The fact that a party executing a conveyance, absolute in its terms, in-

[Harwell et al. v. Potts et al.]

tended and considered it as a mortgage, is not sufficient to make it a mortgage. To produce that effect, such must have been the clear and certain intention and understanding of the other party likewise." If there be no concurring intention, no parol condition attaches, and in such case, the conveyance must prevail.—*Peeples v. Stolla,* 57 Ala. 53; *Mo. B. & L. Asso'n v. Robertson, supra.*

Upon a survey and examination of the whole evidence, we are forced to sustain the Chancellor's finding of the facts, and to hold, that the transaction is a sale with condition to repurchase. It is said, this conclusion works a hardship to complainant. If so, it is his misfortune, that he suffered his eagerness to procure money for other speculative purposes to induce him to make such transaction. Persons capable, may make their own contracts, no rule of law being violated, and arrange the terms as their real or supposed interests and convenience may suggest. It is the province and duty of courts to interpret, and not to make contracts. Much injustice and hardship would be escaped if parties would truly express in writing the terms of such contracts as the present, instead of resting their enforcement on parol evidence.—*Haynie v. Robinson,* 58 Ala. 37.

It is further urged, that should the court hold the transaction to be a conditional sale, the complainant is entitled to relief as to Friedman's interest, and half of the amount agreed to be paid on a re-purchase having been tendered to him within the stipulated time. The bill alleges, that the contract between the parties was a mortgage. On such bill, the complainant can obtain no relief founded on a conditional sale.—*Swift v. Swift,* 36 Ala. 147; *Parish v. Gates,* 29 Ala. 254.

Affirmed.

