# Thomas *v.* Livingston.

*Bill to Declare a Deed a Mortgage and to Redeem.*

(Decided April 3, 1906. 40 So. Rep. 504.)

*Mortgages; Absolute Deed as Mortgage; Jurisdiction of Equity.*—If one gives a deed to land and takes an agreement to have a reconveyance of the land on the payment of a sum certain, and pending payment, which is made when due, the grantee collects rents on the land, the grantor is entitled in equity to enforce a repayment of the rents against the grantee, having no adequate remedy at law.

Appeal from Autauga Chancery Court.
Heard before Hon. W. W. Whiteside.
Bill by Julia A. Thomas to enforce the collection of a sum of money collected by Livingston as rent for the previous year. The facts sufficiently appear in the opinion of the court.

Gunter & Gunter, for appellant.—For a full treatment of the question presented by this appeal, we refer to: 2 Jones on Mortgages, Chapt. 23, Sec. 1114, et seq.

Rushton & Coleman, for appelee.—A court of equity will not take jurisdiction if there is a clear, complete and adequate remedy at law. If equity has jurisdiction of the cause, then, the defendant is deprived of his

[Thomas v. Livingston.]

constitutional right of trial by jury.—*Va. & Ala. M. & M. Co. v. Hale,* 93 Ala. 524; *Am. R. & C. Co. v. Linn,* 93 Ala. 610; *McCaw v. Barker,* 115 Ala. 543; *Youngblood v. Youngblood,* 54 Ala. 486; *Brown v. Brown,* 68 Ala. 114; *Smith v. Cockrell,* 66 Ala. 64; *Moulton v. Reid,* 54 Ala. 320; *Kennon v. Wright,* 70 Ala. 434.

WEAKLEY, C. J.—In *Reeves v. Abercrombie,* 108 Ala. 535, 19 South. 41, we collected and classified our previous decisions in cases where bills had been filed in equity to declare to be mortgages deeds which on their face appeared to be absolute and unconditional; and the jurisdiction of the chancery court was declared to exist in such cases to grant relief, and upon parol testimony alone, when it is clear and convincing. The power of the court is none the less ample, where the transaction is in fact, and was intended by both parties to be, a mortgage to secure a continuing debt, although there was a contemporaneous separate agreement binding the grantee in the absolute deed to reconvey to the grantor upon the terms and within the time specified in such agreement. And this is true, when the deed and agreement, construed together, import upon their face a sale with a mere right of repurchase.—*Vincent v. Walker,* 86 Ala. 333, 5 South. 465; *Mitchell v. Wellman,* 80 Ala. 16; *Douglass v. Moody.* 80 Ala. 61. Upon satisfactory proof a court of equity will grant relief in such cases, whether the contemporaneous collateral agreement be oral or written; it being necessary for the court, under the established rules as to the measure and burden of proof, to reach the conclusion that the transaction in its entirety was intended by both parties to afford a mere security for a debt the grantor in the absolute conveyance continues to owe the grantee. And when the writings in one or separate instruments express a conditional sale, or a sale with the right of repurchase, or where it is admitted or shown by parol that there was a contemporaneous agreement to reconvey or another agreement different from that expressed in the writing or writings, the court, in weighing the evidence tending to show the

transaction was a mortgage is, in the interest of complete justice, inclined to treat the parties as mortgagor and mortgagee, and will resolve the doubt in favor of that relation. *Turner v. Wilkinson*, 72 Ala. 361; *Douglass v. Moody*, 80 Ala. 61; *Crosby v. Buchanan*, 81 Ala. 574, 1 South. 898; *Williams v. Reggan*, 111 Ala. 621, 20 South. 614.

Although the general rule is that parol evidence will not be received to vary the legal effect of written instruments, yet in this class of cases the chancery court takes jurisdiction upon the ground that it will enforce as a trust the agreement of the grantee that the deed shall operate as a mortgage, and also upon the ground that it would be a fraud to allow the grantee to repudiate the collateral parol undertaking.—*English v. Lane*, 1 Port. 328. The appropriate relief can be obtained only in a court of equity. When the jurisdiction of the chancery court attaches upon one or more grounds of equitable cognizance, it is elementary that the court, in awarding relief, will seek to do complete justice. Hence, when the court concludes and declares that the real transaction constituted the parties mortgagor and mortgagee, it will state an account between them on the basis of that relation, and will allow redemption on full payment of the debt, with the consequent cancellation of the deed as a cloud on the grantor's title.

In the case before us the grantee reconveyed to the grantor, and the controversy is presentetd in a different form from that usually found in disputes of the general nature above discussed. We will briefly summarize the allegations of the bill in narrative form: The complainant executed to the defendant an absolutet deed, with covenants of warranty on the recited consideration of the receipt by her of a sum of money, and he contemporaneously made a written agreement with her, the sum and substance of which was that, if she "should pay the said sum expressed as the consideration of the said conveyance to the said George Livingstotn within 12 months or a date within a year, he would reconvey said land." She remained in possession, but the grantee, upon his

[Thomas v. Livingston.]

demand, collectetd from a tenant the rent for 1904. Within the year she paid Livingston the amount stated in the agreement, with interest, and he executed to her a reconveyance, but refused to pay or account to her for the rent collected. The bill alleges that the said transaction was, in equity, a mortgage and that it was not understood by the defendant to have been a sale; the deed having been taken because he supposed it gave him a better opportunity to obtain the land by a technical default in the payment of the debt. The prayer of the bill is for a decree for the rent, with interest, and for such other and further relief as the nature of the case may entitle her to obtain. The chancellor, on motion, dismissed the bill for want of equity.

The sole contention in support of the decree is that the complainant had a clear, adequate and complete remedy at law, and that defendant would be deprived of his constitutional right of trial by jury if the chancery court should grant relief by requiring him to pay her the rent collected, with interest. We cannot concur in this contention. In a court of law, the deed, notwithstanding the agreement to reconvey for a stipulated sum, would have entitled the defendant to collect and retain the rents as owner. It is true the complainant might have filed a bill to redeem and had the amount to be paid on redemption reduced by the application thereto by way of equitable set-off of the sum collected as rent. The law, however, did not itself apply the rent to the debt, and the complainant might well pay the stipulated amount (exactly equaling the sum she borrowed), with interest and attorney's fees, and thus obviate the danger, in any event, of losing her lands, then proceed in a court of equity to have her deed declared to have been all the while a mortgage, and in the same suit obtain a personal decree for the rent, which, upon the facts alleged in the bill, she ought to be paid, with interest.

If the complainant had executed a mortgage in the usual form, to secure her debt, and had fully paid the mortgage, without abatement or credit on account of the rent collected by the mortgagee, she could have

maintained an action at law to recover the amount overpaid as for money had and received.—2 Jones on Mortgages, § 1116. The remedy at law would have been adequate, in that event, because parol evidence would not have been necessary to show she had executed a mortgage. The fact would have been apparent on the face of the instrument. Here resort to equity was necessary to obtain, upon parol evidence and upon principles obtaining in the equity court, a decree that would alter the legal effect of the writings and give them their intended operation and effect; and, having preliminarily secured this result, she will be allowed its fruits in the form of a decree for the sum due her with intetrest. The special and general prayers were sufficient to authorize all the relief that was necessary or desired.

The defendant should be put to a further defense of the bill. Error was committed in dismissing it out of court. The decree of the chancellor will therefore be reversed, and one here rendered overruling the motion to dismiss and remanding the cause for further proceedings.

Reversed, rendered and remanded.

Tyson, Simpson and Anderson, JJ., concur.