# Thomas *v.* Livingston.

*Bill for An Accounting For Rent.*

(Decided Feb. 6, 1908. Rehearing denied June 18, 1908.
46 South. 851.)

1. *Mortgages; Deeds as Mortgages; Instruments; Instruction.*—Where a deed executed to the land and a separate instrument giving to the grantor the right to repurchase the land within twelve months were executed contemporaneously, such paper writing should be construed together in determining whether the contract was a mortgage or a conditional sale.

2. *Same; Intent; Debt.*—Unless there is a subsisting debt at the time and a concurrent intention on the part of both parties that the transaction shall constitute a mortgage, a deed to the land with a separate contract to reconvey, cannot be construed as a mortgage.

3. *Same; Evidence.*—Under the evidence in this case a deed and contract to reconvey held not to constitute a mortgage but rather a conditional sale.

APPEAL from Autauga Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Julia A. Thomas against George S. Livingston seeking to have him account for rents alleged to have been collected by him from certain lands while the relation of mortgagor and mortgagees existed. From a judgment for respondent complainant appeals. Affirmed.

GUNTER & GUNTER, for appellant. If the purchase of the equity of redemption is not founded on an adequate consideration or if the mortgagor has not acted voluntarily, but under coercion and duress, or if the mortgagee has been guilty of fraud, imposition or undue influence, the transaction will be set aside or disregarded. All such dealings are sharply scrutinized and even a slight suspicion of unfairness will incline the court to grant relief.—9 A. & E. Decisions in Equity, 680; *Vil-*

[Thomas v. Livingston.]

*la v. Rodriquez*, 12 Wall. 323. It is like the case of one dealing for a reversion with an expectant heir.—*Salter v. Bradshaw*, 26 Beav. 161; *Aylesford v. Morris*, L. R. A. Chan. 484.

RUSHTON & COLEMAN, for appellee. The transaction was a conditional sale and not mortgage.—*Douglass v. Moody*, 80 Ala. 61; *Mitchell r. Wellman*, 80 Ala. 16; *Haney v. Robinson*, 58 Ala. 37; *Longwood v. Hussey*, 60 Ala. 417; *West v. Henderson*, 28 Ala. 226; *Reeves v. Abercrombie*, 108 Ala. 535. The consideration was not inadequate.—*Rapier v. Paper Co.*, 77 Ala. 126. The relation of debtor must be shown to have continued after the sale.—*Perdue v. Bell*, 83 Ala. 396.

DOWDELL, J.—The bill in this case seeks an accounting for rent of land. The theory of the bill is that · the relation of mortgagor and mortgagee existed between the complainant and respondent, and that during the existence of such relationship the respondent collected rents from the mortgaged premises for which he was in equity liable to account, but has never accounted. It was on this theory, as made by the allegations of the bill, that on former appeal from a decree dismissing the bill on motion for want of equity it was ruled that the bill contained equity, and the decree of the chancery court was reversed and the cause remanded, putting the respondent to further defense on the facts as made by the bill. On the remandment of the cause, the respondent answered the bill, denying and putting in issue all of the allegations material to the equity of the bill; and on the issues so made evidence was taken, and the cause was finally heard on the pleadings and proof, and a final decree rendered in favor of the re-

spondent, from which the present appeal is prosecuted.

The principles of law applicable to the case were stated on the former appeal, and authorities cited in support thereof, on the facts stated in the bill. The question now is mainly one of fact. The contention of the appellant is that the deed of December 9, 1903, though absolute in form, was intended as a security for a loan. It is admitted that at the time of the execution of the deed there was a contemporaneous agreement expressed in writing, whereby the complainant, who was the grantor in the deed, was allowed the right to repurchase the property conveyed within 12 months for an amount fixed in the paper writing. The writing was not introduced in evidence, but its contents were testified to. The main point in the case is whether the transaction agreed upon between the parties was that which was expressed in the paper writings—the deed and the contemporaneous writing—or whether there was an out side agreement that the same, notwithstanding the paper writing, was intended and understood between the parties to be a mortgage. On this point the testimony of the complainant, supported by that of her husband, is in direct conflict with the testimony of the respondent, supported by that of his attorney. Such is the status of the case in respect to the testimony of the witnesses, who in a sense may be said to be interested. Back of this transaction there existed an indebtedness from the complainant to the mother and sister of the respondent for borrowed money, secured by two mortgages on the property in question, as well as other lands of the complainant. The estate in question, at the time of the conveyance by the deed of December 9, 1903, consisted of a reversionary interest in the land described; the possession of the land being in the life tenant. The respond-

ent represented his mother and sister generally in lending their money, and made the loans in the present instance, secured by the two mortgages, to the complainant, and as the agent of his mother and sister had the management of their business and the control and collection of the mortgages. It was admitted by the respondent that a portion of the money represented in the mortgages was his own; and for the purposes of this case he may be regarded as a mortgagee as to this prior existing indebtedness of the complainant.

The theory of the appellant's case is based on the proposition that by the transaction there was a mere continuance of the debt, and that the respondent took the deed and executed the contemporaneous writing, giving a right of repurchase to the complainant, because he supposed it gave him a better opportunity to obtain the land by a technical default in the payment of the debt. Is this theory supported by the evidence? The deed and the written agreement, being contemporaneous, are to be construed as one instrument, and, when so construed, on its face it was a conditional sale. To convert such an instrument into a mortgage, the understanding and intention of both parties to such instrument must be shown to have concurred that it should so operate. The fact, however clearly proven, that the grantor intended the transaction a mortgage, is not enough, if as a fact the grantee did not so understand and intend it. The doctrine of mutual assent and concurring minds as an element of a valid contract is one applicable alike to all contracts. As was said in the case of *Douglass v. Moody*, 80 Ala. 69, a case similar to the one before us: "We have said the concurring intention of all the parties determines the character of the transaction, and, when ascertained, must prevail. 'It is not the

[Thomas v. Livingston.]

intention of the one party, disassociated from the intention of the other, which is to be ascertained.' The mutual assent of the parties is essential to the completion of a contract. The ascertainment of different intentions and different understandings does not make a 'doubtful case,' in which equity will construe the transaction to be a mortgage."—*Douglass v. Moody*, 80 Ala. 61; *Mitchell v. Wellman*, 80 Ala. 16.

Again, a debt is necessary to the existence of a mortgage, and, if nonexisting, the transaction cannot 'be deemed a mortgage. This is a proposition of law so well established that it is hardly necessary to cite authorities, and we content ourselves with the citation of the two cases of *West v. Hendrix*, 28 Ala. 226, and *Robertson v. Farrelly*, 16 Ala. 472, where cases are collated. In the present case, was there a continuance of the preexisting debt, and was it the understanding and intention of the parties that the transaction represented by the writings should operate as a mortgage? We recognize the doctrine in such cases that courts of equity, where the evidence is conflicting and it is doubtful which of the two theories is true, that of a conditional sale or mortgage, are inclined to construe the transaction a mortgage and so resolve the doubt. But in the case before us a careful consideration of the evidence convinces our minds that there was no continuance of the old debt, nor intention of both parties that the transaction should be and operate as a mortgage. The evidence is undisputed that the old notes and mortgages were canceled and surrendered to the complainant and also marked satisfied on the record. The respondent assumed the payment of the debts due from the complainant to the respondent's mother and sister, represented in the old notes and mortgages, and as an addi-

tional consideration paid the complainant $500 in cash. The complainant was not in possession of the property conveyed in the deed, and hence did not remain in possession. The estate conveyed was only a reversionary interest in the land described. The mortgages which were canceled and satisfied contained the property conveyed by the deed, besides other lands belonging to the complainant. It is not reasonable to suppose that the respondent would give up a part of his mortgage security for the old debts and at the same time lend the complainant $500 additional; and this, too, in the face of the undisputed evidence that the respondent was pressing the collection of the mortgage indebtedness and refused to extend the same.

Much stress is laid in argument by counsel for appellant on the disparity between the consideration in the deed and the value of the land conveyed. While the evidence shows that the land, after the falling in of the life estate, was worth considerably more than the amount of consideration expressed in the deed, yet it must be borne in mind that the interest conveyed was only a reversionary interest, and the evidence does not show any great disparity between the value of such reversionary interest and the consideration expressed. We have no doubt that in the transaction both parties speculated upon the probable duration of the life tenancy. In this we can see nothing more than the parties had a right to do, and nothing that was unfair or oppressive on the part of the respondent. Indeed, we fail to discover in the evidence anything oppressive or unfair. As we have before said, the testimony of the principals to the transaction was in direct conflict as to its nature and character. The evidence, however, of Abney, the only disin-

terested witness who was present at the time, and who was called in by the parties and drew up the contemporaneous written agreement, sustains the respondent. This witness testified that it was perfectly understood by the parties that the transaction was a sale, and not a continuance of the mortgage indebtedness. None of the elements laid down in *Reeves v. Abercrombie*, 108 Ala. 535, 19 South. 41, exist tending to show that the transaction was a mortgage. We think there was abundant consideration moving to the complainant, and the contract was one which the parties, being sui juris, had a right to make and should be required to live up to. The life estate having terminated while the title to the reversion was in the respondent, he became entitled to the rents up to and until his reconveyance of the property by him to the complainant. It follows, therefore, that the decree of the chancellor must be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.