# Vincent *v.* Walker.

*Bill in Equity for Reformation and Cancellation of Absolute Conveyance as Mortgage.*

1. *Mortgage or conditional sale, by married woman.*—Prior to the 28th February, 1887, a married woman could not make a valid mortgage of property belonging to her statutory estate; but she could lawfully make a deed of bargain and sale of such property, reserving or stipulating for the right to repurchase—in other words, a conditional sale.

2. *Distinctions between mortgage and conditional sale, and rules of construction.*—In determining whether a particular contract is a mortgage or a conditional sale, when an absolute deed has been executed, with an instrument stipulating for a re-conveyance, the decisions of this court establish (1) that there can be no mortgage where there is no debt; (2) that a reservation or stipulation for the right to "redeem," when there is no debt, does not convert the instrument into a mortgage; (3) that there must be a concurring intention and understanding by both parties that the transaction is a mortgage, when on its face it is a conditional sale; (4) that inadequacy of consideration is not, of itself, sufficient to convert the instrument into a mortgage, though it is a fact to be considered in determining the question, when there is an outstanding debt to be secured; (5) that the instrument can not operate both as a mortgage and as a conditional sale; (6) that when its character is doubtful, it will be construed as a mortgage rather than a conditional sale, if thereby substantial justice and equity between the parties is secured; and (7) that if, construed as a mortgage, it would be void, and would operate injustice by losing to the grantee his money paid on the land, then it will be construed and upheld as a conditional sale.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 9th March, 1887, by Mrs. Louisa J. (or Jane E.) Vincent, a married woman, the wife of William C. Vincent, against Elijah J. Walker, and sought to have a conveyance of land, which the complainant and her husband had executed to said Walker; declared a mortgage, and cancelled as void and inoperative, because the land conveyed belonged to her statutory estate. The deed sought to be reformed and cancelled, which was in form an absolute conveyance with the usual warranties, was dated April 7, 1886, and recited a consideration of $2,000 in hand paid; the tract of land conveyed containing,

as therein described, about 305 acres.    This deed was signed
by the complainant and her husband, duly acknowledged by
them before a justice of the peace on the next day, and filed
for record on the 12th April, 1886.    On the 12th April,
1886, said Walker executed to the complainant a "collateral
agreement," as it was called in the bill, which was under
his hand and seal, and in these words:    " *Whereas*, I have
this day purchased of Wm. C. Vincent and wife, Jane E.
Vincent, the plantation in Madison county containing 305
acres, more or less, and have paid in cash for the same
$2,000; *and whereas*, said Vincent and wife may desire to
redeem said land as aforesaid:    Now, know all men whom
it may concern, that, at any time within twelve months, I
hereby agree that, upon the payment to me or my assigns
of said sum of $2,000, purchase-money as aforesaid,  then I
will re-convey said lands to said Vincent, or to whom they
may designate.    Witness my hand," &c.    Appended to this
instrument, or written at the foot of it, was a memorandum in
these words:    "There was only $1,750 paid by me, and that
is all that Mrs. Vincent owes me up to this date, April 12,
1886;" to which the name of said Walker was signed, but
it was written by one F. B. Gurley, in the absence of Wal-
ker.    An answer was filed by the defendant, denying that
the instrument was intended as a mortgage, and alleging
that he refused to advance any money to Mrs. Vincent on
mortgage, because he was informed by counsel that she
could not execute a valid mortgage.    On final hearing, on
pleadings and proof, the chancellor dismissed the bill; and
his decree is now assigned as error.

JNO. D. BRANDON, for appellant.—The money advanced
by Walker was intended for the use and benefit of Bradley,
and for the relief of himself and Gurley from liability as
his sureties; and it was so applied, with the knowledge and
concurrence of all the parties.    This was not a legitimate
purpose for which complainant could devote her lands held
as a statutory estate, and the form of the conveyance can
not impart to it any validity.—*Pollak v. Graves*, 72 Ala.
347; *Blythe v. Dargin*, 68 Ala. 370; *Boyleston v. Farrior*,
64 Ala. 564; *Lee v. Sims*, 65 Ala. 248; *Rogers v. Torbut*,
66 Ala. 547; *Prince v. Prince*, 67 Ala. 565; *Stribling v.
Bank of Kentucky*, 48 Ala. 451; *West v. Hendrix*, 28 Ala.
226; *Wilkinson v. Cheatham*, 45 Ala. 337; *Lyon v. Powell*,
78 Ala. 351; *Bibb v. Pope*, 43 Ala. 190; *Chapman v. Abra-*

[Vincent v. Walker.]

*ham*, 61 Ala. 108; *Warfield v. Ravisies*, 38 Ala. 518; *Cowles v. Marks*, 47 Ala. 624; *Ashford v. Watkins*, 70 Ala. 160; *Hammond v. Thompson*, 56 Ala. 589; *Peeples v. Stolla*, 57 Ala. 53; *Williams v. Bass*, 57 Ala. 487; *Steed v. Knowles*, 79 Ala. 446; *Northington v. Faber*, 52 Ala. 47; *Thames v. Rembert*, 63 Ala. 561. But the conveyance, and the agreement to allow redemption, being parts of one and the same transaction, and construed in connection with all the attendant circumstances, show that a mortgage was intended, and not a conditional sale.—*West v. Hendrix*, 28 Ala. 226; *Crews v. Threadgill*, 35 Ala. 334; *Campbell v. Dearborn*, 109 Mass. 130; *Brantley v. West*, 27 Ala. 542; *Pugh v. Davis*, 96 U. S. 332; Jones on Mortgages, §§ 305-29; Herman on Mortgages, 163; 20 N. J. Eq. 308; *Robinson v. Farrelly*, 16 Ala. 473; 22 Pick. 526; 10 Cal. 179; 3 Halst. 27; *Sims v. Gaines*, 64 Ala. 392; *Rapier v. Gulf City Paper Co.*, 77 Ala. 126; Tiedeman R. P., § 302; 1 Mass. 107; 8 Bush, Ky. 687; 8 N. J. Eq. 485; 35 Ala. 131; *Locke v. Palmer*, 26 Ala. 312; *Parish v. Gates*, 29 Ala. 254.

R. C. BRICKELL, and L. COOPER, *contra*, cited *West v. Hendrix*, 28 Ala. 226; *Douglass v. Moody*, 80 Ala. 67; *Logwood v. Hussey*, 60 Ala. 417; *Haynie v. Robertson*, 58 Ala. 37; *Peeples v. Stolla*, 57 Ala. 53; *Brantley v. West*, 27 Ala. 542; *Parks v. Parks*, 66 Ala. 326; *Bryant v. Cowart*, 21 Ala. 92; *Sewall v. Henry*, 9 Ala. 24; *Swift v. Swift*, 36 Ala. 147; 2 Edw. Ch. 146; 7 Cr. 218.

SOMERVILLE, J.—The purpose of the bill filed by the complainant, Mrs. Vincent, a married woman, is to have a deed executed by her on April 7, 1886, to the defendant Walker, and absolute on its face, declared a mortgage, and thereupon to cancel such conveyance as void, on the ground that it was given on her statutory separate estate, and for this reason was a nullity.

In considering the case we will regard the agreement executed by Walker, and bearing date April 12, 1886, as part and parcel of the deed of conveyance, in accordance with the contention of the appellant's counsel. This agreement recites the fact that the grantee, Walker, had paid two thousand dollars in cash for the land, and it confers on the grantors, Vincent and wife, the right to "redeem" the same by paying therefor the same sum with interest to the date of redemption, whereupon he agrees to "re-convey" the land to

[Vincent v. Walker.]

Mrs. Vincent. There is a brief *addendum* to the instrument, to which we shall hereafter advert.

The following propositions, relating to this subject, are settled by our past decisions:

(1.) While a married woman could not, prior to the time the present married woman's law went into effect (February 28th, 1887), mortgage her statutory separate estate, such attempted mortgage being an absolute nullity as to her, she could lawfully make a deed of bargain and sale of such estate, with the privilege of repurchasing retained by her, in the nature of a conditional sale.—*Peeples v. Stolla,* 57 Ala. 53.

(2.) One of the distinguishing tests by which to determine whether an instrument is a mortgage, or a sale with the privilege of re-purchasing, is the existence or non-existence of a debt to be secured. If there be no debt due from the grantor to the grantee, there can be no mortgage. The idea of a mortgage without a debt to be secured by it is a legal myth in our system of jurisprudence.—*Douglass v. Moody,* 80 Ala. 61; *Mitchell v. Wellman, Ib.* 16; *Peeples v. Stolla, supra.*

(3.) The reserving or granting the right "to redeem" lands to a grantor, by paying a certain sum to the grantee by a fixed day, can not convert an instrument, otherwise purporting to be a conditional sale, into a mortgage, there being no debt, or binding obligation on the part of the grantor to redeem.—*Haynie v. Robertson,* 58 Ala. 37; *Logwood v. Hussey,* 60 Ala. 417.

(4.) To convert an instrument, on its face a conditional sale, into a mortgage, the intention and understanding of *both* parties to such instrument must be shown to have concurred that it should so operate. The fact, however clearly proved, that the grantor alone intended and considered the transaction a mortgage, is insufficient to make it a mortgage. *West v. Hendrix,* 28 Ala. 226; *Douglass v. Moody,* 80 Ala. 61, *supra.*

(5.) Inadequacy of price or consideration is not sufficient, of itself, to convert an instrument purporting to be a conditional sale into a mortgage or security for the re-payment of money; although it may be an element of fact to be considered in determining the question, where there is a debt in existence to be secured.—*West v. Hendrix,* 28 Ala. 226; *Rapier v. Gulf City Paper Co.,* 77 Ala. 126.

(6.) An instrument can not operate, at one and the same

time, as a mortgage and a conditional sale, these two classes of conveyance being chiefly distinguished by the existence of a debt in the former, and its non-existence in the latter. Where, however, the repugnancy of its provisions, and the accompanying evidence render its character doubtful, it will accordingly be construed a mortgage rather than a conditional sale—at least, where such construction will operate equitably by securing to the grantee or creditor his debt with interest, and enable the grantor, or debtor, to effect a repurchase of his land.—*Rapier v. Gulf City Paper Co.*, 77 Ala. 126; *Crews v. Threadgill*, 35 Ala. 334.

(7.) But where the instrument, if construed to be a mortgage, will become void, and operate to promote injustice by losing the grantee his money paid for the land, and of restoring to the grantor property without an honest return of the money actually received by him, and for the security of which such property was conveyed, the inclination of a court of equity, in case of doubt, will be to regard the transaction as a conditional sale, and not as a mortgage. That construction will rather be adopted, on well settled principles, which will uphold the instrument and not destroy it—which will work equity between the parties and not injustice.

The application of these rules fully sustains the conclusion of the chancellor, that the transaction between Mrs. Vincent and the defendant Walker was not a mortgage, but a conditional sale, or sale reserving the right of repurchasing to the grantor. The two papers relating to the matter—the deed of April 7th, 1886, and the agreement of April 12, 1886—show this on their face, and the burden of proving the contrary is cast on the appellant. The testimony, in our judgment, satisfactorily shows that Walker expressly and positively declined to lend money to the complainant on mortgage, for the reason that she was prohibited by law from giving such security on her statutory separate estate. He was advised by counsel that such a security would be absolutely void, but that Mrs. Vincent might make a sale of the property, reserving the right to repurchase, as appears to have been done on the face of the paper. It is clear that Walker's intention accorded with the intention imported by the deed and agreement, which stamps the transaction as a conditional sale. That the intention of Mrs. Vincent may have been to borrow money, or that her belief was that she had given a mortgage, instead of a deed,

22

is entirely immaterial. There can be no mortgage without the concurring intention of both contracting parties, *first,* to create a debt; and, *secondly,* to secure that debt by some form of conveyance. In this case, there is no debt, and hence there can be no mortgage.

The *addendum* to the agreement of April 12th, 1886, does not overturn this presumption. It was made subsequently to the date of the transaction, having been written by one Gurley, in the absence of Walker, and without - the knowledge or special authority of his principal. The recital as to what Mrs. Vincent "owes" was an inapt expression, contrary to the fact that she owed nothing whatever. It had reference only to what she would owe in the event of undertaking to exercise the privilege or re-purchasing the land, under the agreement creating the conditional sale.

This conclusion results in the affirmance of the chancellor's decree, which is accordingly affirmed.