[Stollenwerck, et al. v. Marks & Gayle.]

# Stollenwerck, *et al. v.* Marks & Gayle.

*Bill to Declare a Deed a Mortgage and to Redeem.*

(Decided June 4, 1914.  Rehearing denied June 30, 1914.
65 South. 1024.)

1. *Mortgage; Deed as.*—The circumstances and contract considered and it is held that the transactions did not create a mortgage because the original purchaser was not indebted to the third person named in the deed.

2. *Same.*—Where there is no debt due from the grantor to the grantee in a deed absolute in form, the deed is not a mortgage.

3. *Same; What Are.*—In equity, a mortgage is a hypothecation or pledge of property as security for debt, and its effect is to leave the mortgagor personally liable for the debt, if, on foreclosure, the property fails to yield a sufficient sum to pay the debt in full.

4. *Same; Debt.*—The word "debt" in the definition of a mortgage means a duty or obligation to pay, for the enforcement of which an action will lie.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by Marks & Gayle against Frank Stollenwerck and others, revived in the name of his executors, to declare a deed a mortgage, to redeem, and for general relief.  Decree for complainant and respondents appeal.  Reversed and rendered.

The following is a copy of Exhibit B:  State of Alabama, Montgomery County.

Whereas, W. M. Marks and W. A. Gayle have agreed to purchase from Abraham Bros. that certain lot in the city of Montgomery, Alabama, beginning on the west side of Lee street at a point one hundred and seven and one-half (107½) feet north of Tallapoosa street, running thence north along Lee street one hundred and seven and one-half (107½) feet, running thence west three hundred and six (306) feet, more or less, to Moulton street, running thence south along Moulton street

one hundred and seven and one-half (107½) feet, running thence east and parallel with Tallapoosa street three hundred and six (306) feet, more or less, to the point of beginning, being a portion of lots three (3), four (4), seven (7), and eight(8), in square two (2), of East Alabama, upon which they have paid a portion of the purchase money, and for which they still owe said Abraham Bros. about the sum of thirty-four thousand dollars, upon the payment of which said Abraham Bros. have agreed and bound themselves to convey said property to said Marks and said Gayle by warranty deed, in fee simple, and the said Marks and said Gayle desiring Frank Stollenwerck to pay to said Abraham Bros. said sum of about thirty-four thousand dollars, to enable said Marks and said Gayle to obtain from them the said warranty deed to said property, and to pay to them, the said Marks & Gayle, the additional sum of about seven thousand dollars, making in all forty-one thousand dollars, in consideration of which the said Marks & Gayle propose to convey said property to said Frank Stollenwerck by warranty deed:

Now, therefore, it is mutually agreed and understood by and between said parties as follows:

1. The said Stollenwerck will pay to said Abraham Bros., on account of said Marks & Gayle, as hereinabove stated, on the 19th day of April, 1909, the said sum of about thirty-four thousand dollars, the exact amount to be ascertained from the said agreement between said parties, upon the delivery by said Abraham Bros. to said Marks & Gayle of a warranty deed conveying the above-described property to them in fee simple and free from incumbrances, and upon said Marks & Gayle delivering to said Stollenwerck a warranty deed conveying said property to him, said Stollenwerck, in fee simple and free from all incumbrances, to pay to said Marks &

Gayle together the additional sum of about seven thousand dollars, making in all forty-one thousand dollars, on the 23d day of July, 1909, and for the payment of which the said Stollenwerck will give to the said Marks & Gayle his promissory note, payable on said date with interest from April 19, 1909.

2. Said Marks & Gayle hereby agree and bind themselves to execute and to cause to be executed by their respective wives a warranty deed conveying the above-described property to the said Stollenwerck, in fee simple, free from all incumbrances, for the consideration hereinabove expressed, and to deliver the same upon the payment by said Stollenwerck of said sum to said Abraham Bros., and the delivery to them or his said note as above stipulated.

3. Said Marks & Gayle agree and bind themselves to pay said Stollenwerck, or his heirs, interest at the rate of 8% per annum, payable annually, upon the said sum of forty-one thousand dollars from April 19, 1909, to the time of the receipt by the said Stollenwerck, or his heirs, of the consideration for said property, if it should be sold by him or them as hereinafter provided, but, if not sold, then for a period of three years from said date. In addition to said interest and for said term, said Marks & Gayle agree and bind themselves to pay to said Stollenwerck, or his heirs, all sums which he may pay out for taxes, street improvements assessments, fire insurance premiums, repairs, and other necessary expenses upon said property, but said Marks & Gayle shall have credit upon the amounts to be paid by them for such taxes, insurance premiums, repairs, and expenses, and as interest as aforesaid for the net amount of the rentals which said Stollenwerck may receive from said property during said period, settlements to be made on April 19 of each consecutive year. If payment of

said sums of interest, taxes, insurance premiums, repairs and expenses is not made within thirty days after maturity, each year, all rights of said Marks & Gayle under this agreement shall at once cease and determine.

4. If said Stollenwerck, or his heirs, shall sell said property within three years from the date of the said conveyance to him, which shall be entirely at his option or desire, then he shall pay to Marks & Gayle one-half of the amount received by him therefor over and above the sum of forty-one thousand dollars.

5. Said Marks & Gayle further agree and bind themselves, if said Stollenwerck, or his heirs, should sell said. property within said term of three years for less than forty-one thousand dollars, with the approval of said Marks & Gayle in writing, to pay to him, or them, immediately upon said sale being made, a sum equal to the difference between the net amount received by said Stollenwerck, or his heirs, for said property, and the sum of forty-one thousand dollars; but if said sale should be made without such approval for less than forty-one thousand dollars, said Marks & Gayle shall not be liable to pay such difference.

6. If said property should not be sold by said Stollenwerck, or his heirs, within said period of three years, then at the expiration of that period said Marks & Gayle may together, or either of them with the written consent of the other, or their heirs, within thirty days thereafter, repurchase said property from said Stollenwerck, or his heirs, at the price of sixty thousand dollars, but, if said Marks & Gayle, or either of them, does not within said thirty days so purchase said property from said Stollenwerck, then all rights of every kind and character belonging to said Marks & Gayle under this agreement or in reference to said property shall immediately cease and determine.

In witness whereof said W. M. Marks, said W. A. Gayle, and said Frank Stollenwerck have hereunto set their hands and seals in duplicate this 10th day of April, 1909.

> ·      [Signed] Wm. M. Marks.      [Seal.]
>
> W. A. Gayle.·      [Seal.]
>
> ·      Frank Stollenwerck.      [Seal.]

Witness as to W. M. Marks and W. A. Gayle:

> [Signed] W. V. Taylor.

Witness as to Frank Stollenwerck:

> [Signed] H. T. Bartlett.

The following is Exhibit C:

State of Alabama, Montgobery County.

For valuable considerations to each of the parties to this agreement from each of the others moving, the receipt of which is hereby mutually acknowledged, it is hereby mutually agreed between Frank Stollenwerck, W. M. Marks, and W. A. Gayle that that certain contract and agreement entered into by and between them and dated April 10, 1909, in reference to the property hereinafter referred to is hereby modified as follows:

1. Said Stollenwerck is hereby authorized and permitted to convey to the Louisville & Nashville Railroad Company the property described in said agreement, which is the same property conveyed to him by said Marks & Gayle by deed recorded in Deed Book 72, p. 302, in the office of judge of probate of said county, and to receive in payment therefor that certain property belonging to the Louisville & Nashville Railroad Company lying on the east side of Lee street in said city of Montgomery, north of the wholesale storehouse of Griel Bros. Co., south of the Louisville & Nashville Railroad Co. property and west of the alley running along the east side of said Griel Bros. Co. building, or so much thereof as he may accept therefor.

2. It is understood and agreed that said property so accepted by the said Stollenwerck from said Louisville & Nashville Railroad Company and so conveyed to him by said company shall stand in lieu of the property described in said agreement of April 10, 1909, in all respects.

3. Said agreement of April 10, 1909, shall not be in any manner affected by said conveyance and this agreement, other than is herein expressly stipulated, but it is hereby agreed that the paragraph 6 of said agreement of April 10, 1909, is hereby changed so that the word "sixty" shall be changed to "eighty," so as to make the price at which said Marks & Gayle or either of them may repurchase said property "eighty thousand dollars" instead of sixty thousand dollars.

4. Said Stollenwerck having advanced to said W. A. Gayle as trustee the sum of three thousand dollars at the request of said Marks & Gayle, it is agreed that said sum, with interest at 8% per annum from the date of the payment thereof by said Stollenwerck shall be added to the amounts set forth and referred to in said agreement of April 10, 1909, to be taken into consideration in any settlement that may be made between the parties to said agreement according to the terms thereof.

In witness whereof, this agreement has been signed in duplicate by said parties this the 16th day of August, 1909.

W. M. Marks.
W. A. Gayle.
F. Stollenwerck.

Witness:   Chas. D. Tallman.

BALL & SAMFORD and FRANK STOLLENWERCK, for appellant.   Unless bound legally by the agreement of April 10, appellees owed Stollenwerck no debt.—*Hay-*

*nic v. Robinson,* 58 Ala. 29.   As to what is a mortgage and a debt secured, see *McKinstry v. Connoly,* 12 Ala. 678; *Peeples v. Stolla,* 57 Ala. 58.   The facts show that no debt or mortgage was intended.—27 Cyc. 998; 66 Tex. 271; 2 Rob. 161; *Eiland v. Radford,* 7 Ala. 724; *Swift v. Swift,* 36 Ala. 217; *Douglass v. Moody,* 80 Ala. 61; *Mitchell v. Wellman,* 80 Ala. 16; *Vincent v. Walker,* 86 Ala. 333; *Thomas v. Livingston,* 155 Ala. 550.   Inadequacy of consideration is not sufficient to convert an absolute conveyance into a mortgage.—Authorities supra.   The bill was prematurely filed.—2 Jones on Mortgages, 1053.   The following cases treat of the principles involved in this appeal.—*Eiland v. Raiford,* 7 Ala. 724-726; *McKinstry v. Conly,* 12 Ala. 678; *Robertson v. Farrelly,* 16 Ala. 472; *Murphy v. Barefield,* 27 Ala. 634; *West v. Hendrix,* 28 Ala. 226; *Parrish v. Gates,* 29 Ala. 256; *Swift v. Swift,* 36 Ala. 217; *Micou v. Ashurst,* 55 Ala. 607; *Peoples v. Stolla,* 57 Ala. 53; *Haynie v. Robertson,* 58 Ala. 37; *Turner v. Wilkinson,* 72 Ala. 366; *Mitchell v. Wellman,* 80 Ala. 19; *Douglas v. Moody,* 80 Ala. 289; *Daniels v. Lowery,* 92 Ala. 521; *Reeves v. Abercrombie,* 108 Ala. 540; *Smith v. Smith,* 153 Ala. 504; *Farrow v. Cotney,* 153 Ala. 550; *Rogers v. Burt,* 157 Ala. 91; *Whelan v. Toberner,* 71 Mo. App. 361.

MARKS & SAYRE and J. M. CHILTON, for appellee.   The transaction in the case is either a conditional sale, or a mortgage.   In doubtful cases the courts are inclined to hold a transaction a mortgage rather than a conditional sale.—*Love v. Palmer,* 26 Ala. 312; *Turnipseed v. Cunningham,* 16 Ala. 501; *Robertson v. Farrelly,* 16 Ala. 472; *Morrow v. Turney's Adm'r,* 35 Ala. 131; *Mobile B. & L. Ass'n,* 65 Ala. 388; *Cosby v. Buchanan,* 81 Ala. 575; *Daniels v. Lowery,* 92 Ala. 519; *Turner v. Wilkinson,* 72 Ala. 361; *Mobile B. & L. Assn. v. Robert-*

*son,* 65 Ala. 388; *Glass v. Hieronymous,* 125 Ala. 140; *Rose v. Gandy,* 137 Ala. 329; *Reeves v. Abercrombie,* 108 Ala. 535; *Irvine v. Coleman,* 173 Ala. 175; *Shreve v. McGowan,* 143 Ala. 665; *Morton v. Allen,* 60 South. Rep. 866; *Nelson v. Wadsworth,* 61 South. Rep. 895; 2 Mayfield's Dig. 252-254; 1 Jones on Mortgages, 4th Ed. 246, 250, 251; 2 Pomeroy, Eq. Jur. (3d Ed.) 1193; *Conway's Exrs. v. Alexander,* 7 Cranch 329; *Brown v. Dewey,* 1 Sandford's Ch. 71; *Russell v. Southard,* 12 How. (U. S.) 139; *Peugh v. Davis,* 96 U. S. (332) 337; *Cripp v. Jee,* 4 Brow. Ch. C. 472; *Hutzler Bros. v. Phillips,* 4 Am. St. Rep. 696. The fact that no note, or bond evidencing the debt, was given, is immaterial.—*Robinson v. Farrelly,* 16 Ala. 472; *Turnipseed v. Cunningham,* 16 Ala. 501; *Mobile B. & L. Assn. v. Robertson,* 65 Ala. 388; *Irvine v. Coleman,* 173 Ala. 175; *Shreve v. McGowan,* 143 Ala. 665; *Turner v. Wilkinson,* 72 Ala. 361; *Morton v. Allen,* 60 South. Rep. 866; *Nelson v. Wadsworth,* 61 South. Rep. 395; *Brown v. Dewey,* 1 Sandford's Ch. 71; *Russell v. Southard,* 12 How. 139; *Peugh v. Davis,* 96 U. S. (332), 337; *Strilby v. Clinton Lumber Co.,* 1 Am. & Eng. Decis. in Eq. (note) p. 534. Interest is incident to a debt. Interest is the compensation which is paid by the borrower of money to the lender for its use. —Words & Phrases. Head Interest on Money, page 3706, and authorities cited. The continuous receipt by the grantor of rents accruing from the premises, and the payment by him of taxes, insurance and repairs would tend to indicate a mortgage, rather than a conditional sale.—*Reeves v. Abercrombie,* 108 Ala. (535) 540. The payment by one, at the request of another, of money, creates the relation of debtor and creditor between them, and the law implies the promise to pay.— *Irwin v. Coleman,* 173 Ala. 175; *Shreve v. McGowan,* 143 Ala. 665; 2 Mayfield's Dig. 252; 254; *Mobile B. &*

*L. Assn. v. Robertson*, 65 Ala 388. The instrument not having any fixed day of payment, and the right to sell, or foreclose at any time, having been given to grantee, the reciprocal right of redemption at any time exists in the grantor. As the bill has reference to a single transaction, between the same parties, it is not multifarious. —See Code, § 3095.

ANDERSON, C. J.—A determination of this case is dependent largely, if not entirely, upon a construction of the contract marked Exhibit B to the bill of complaint as modified by a subsequent agreement marked Exhibit C to the said bill of complint, and which will be set out by the reporter. As we construe Exhibit B, it created no debt from Marks & Gayle to Stollenwerck; there is nothing in it that obligates Marks & Gayle to pay Stollenwerck the sum paid out by him as the purchase price the property or to render them legally bound to him to pay the same or any part thereof. It seems that Marks & Gayle were unable to consummate the contract of purchase with Abraham Bros., except with the assistance of Stollenwerck, who financed the deal. The money was not borrowed from Stollenwerck, and there is nothing in the entire transaction which obligated Marks & Gayle as a partnership, or individually, to repay Stollenwerck the sum of $41,000, the consideration paid by him for the proeprty. The agreement simply authorized Stollenwerck to buy the property instead of Marks & Gayle, and to pay for same without being reimbursed or repaid by said Marks & Gayle, with the understanding that if Stollenwerck sold the property within three years for a profit the said profit was to be divided with said Marks & Gayle. It is true that Marks & Gayle obligated themselves to repay Stollenwerck the difference between $41,000 and any less sum for which

he should sell the property within three years at their request, but this was no unconditional promise on their part to guarantee the reimbursement of the said Stollenwerck, as he could not sell the property for less, except with their consent and approval, and if Stollenwerck did not sell the property within three years, which was entirely optional with him, the property was his, subject to the right of Marks & Gayle to repurchase same. Therefore there is nothing about the transaction which obligated Marks & Gayle to repay Stollenwerck the said $41,000, or to convert the conveyance into a mortgage as a mere security for a debt owing from Marks & Gayle to Stollenwerck.

Had Stollenwerck sold the property during the three years for less than $41,000 without the consent of Marks & Gayle, and which he had the right to do, they were not liable to him for the difference. Indeed they were not liable to him for any of said $41,000, except in the one event that he sold the property during the said three years for less than said amount upon the written request of said Marks & Gayle. It may be true that Marks & Gayle obligated themselves to account for the difference between the net rent and the interest, taxes, paving, etc., during the said three years within which the property might be sold for the joint benefit of all the parties, but this was a mere condition to keeping the agreement alive, and was in no sense a debt to be secured by the agreements or for which the property was to be held as a security, as there was no provision for the unconditional payment or collection of same, the penalty for nonpayment being only a forfeiture of the right under the contract to share in the profits of a sale should same be made within said 3 years, or to re-purchase within 30 days after the expiration of said period in case no sale was made. Nor did the modification, Exhibit C,

make the transaction a security or constitute the convey-
ance a mortgage; it merely added $3,000 due by Gayle,
as trustee, to the $41,000 as the purchase price and
which was to be included in the amount to be first de-
ducted in case of a sale of the property before a divi-
sion of the profits. There was nothing about the trans-
action to indicate that the said Stollenwerck would
have any recourse on Marks & Gayle for the $41,000 or
the $44,000, or that the conveyance should stand as a
security for same. It was but a purchase by Stollen-
werck of the property with the understanding that, if
Marks & Gayle paid interest, taxes, pavement, etc.,
during the three years in excess of the net rents, Stol-
lenwerck would divide the net profits with them in case
of sale or let them repurchase the property for a
certain price within 30 days if no sale was
made, and, as a part of the consideration for the modi-
fied agreement and the exchange of the property and
the increased amount for the repurchase, it was agreed
that the $3,000 due from Gayle, as trustee, should be
added to the original consideration of $41,000, subject
to the terms and considerations of the original agree-
ment. Marks & Gayle did not undertake to pay this
$3,000, nor did they owe Stollenwerck the original $41,-
000; he simply paid that sum to become the purchaser
instead of Marks & Gayle upon the condition that if
they kept the interest, taxes, etc., within the rent dur-
ing the three years he would divide the profits with them
in case of a sale by him or that they might repurchase
if no sale was made. The only condition whatever upon
which Marks & Gayle should become liable for any part
of the $44,000 was in the event that Stollenwerck would
at their request sell the property for less than said
amount. They did not thereby become indebted to Stol-
lenwerck so as to become personally liable to him for

any residuum of the $44,000, if upon a foreclosure the property did not yield a sum sufficient to pay the sum in full. The only possible theory upon which they could have become indebted was in the case Stollenwerck made a sale of the property at their request during the three years, but which was, even in that event, optional with Stollenwerck, and, this event never having happened, the said Marks & Gayle are not, and have never been, indebted to Stollenwerck for said sum so as to create the relation of debtor and creditor and which is essential to fix the status of mortgagor and mortgagee.

"One of the distinguishing tests by which to determine whether an instrument is a mortgage, or a sale with the privilege of repurchasing, is the existence or nonexistence of a debt to be secured. If there be no debt due from the grantor to the grantee, there can be no mortgage. The idea of a mortgage without a debt to be secured by it is a legal myth in our system of jurisprudence."—*Nelson v. Wadsworth,* 171 Ala. 603, 55 South. 120; *Vincent v. Walker,* 86 Ala. 336, 5 South. 465; *Douglass v. Moody,* 80 Ala. 61.

"A mortgage is, in equity, a hypothecation or pledge of property for the security of a debt. There must be a debt, or there can be no security for its payment. Hence it is said, if there is no debt, there can be no mortgage. Debt, in this connection, means a duty or obligation to pay, for the enforcement of which an action will lie."— *McKinstry v. Conly,* 12 Ala. 678; *Haynie v. Robertson,* 58 Ala. 37.

'It is a necessary ingredient in a mortgage that the mortgagee should have a remedy for his debt against the debtor. * * * The effect of a mortgage * * * is to leave on the mortgagor a personal liability for the residuum of the debt, if, on foreclosure, the property mortgaged fails to yield a sum sufficient to pay it in full."—*Peeples v. Stolla,* 57 Ala. 58.

[Union Cemetery Co. v. Jackson, et al.]

Applying this well-established rule to the case at bar, we hold that the city court erred in holding that the relationship of mortgagor and mortgagee existed between Stollenwerck and Marks & Gayle. Our conclusion can well be rested upon a proper construction of the written agreement above mentioned, but, should we have to look to the extraneous proof, the weight of same strengthens the theory that Stollenwerck was a conditional vendee, and not a mortgagee.

The decree of the city court is reversed, and one is here rendered holding that the conveyance in question was not intended as a mortgage, and denying the complainants the right to redeem the property, and, as the complainants were denied relief under the other theory of their bill and from which they took no appeal, the bill of complaint is dismissed.

Reversed and rendered.

MAYFIELD, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.

