165 So. 223

### RICHARDSON v. CURLEE et al.

### 5 Div. 210.

Supreme Court of Alabama.

Jan. 16, 1936.

See, also, 229 Ala. 505, 158 So. 189.

C. E. O. Timmerman, of Montgomery, for appellant.

Holley & Milner, of Wetumpka, for appellees.

[1] Ante, p. 394.

FOSTER, Justice.

Appellee, A. D. Curlee, as administrator of the estate of W. B. Curlee, was proceeding to foreclose two mortgages given by appellant to appellee's intestate, by a sale of the land under powers in them. On the day when the sale was advertised to occur, appellant executed a deed to the said A. D. Curlee as such administrator conveying the land embraced in the mortgages. The deed recites the existence of the mortgages and that there was due, as shown by the books of W. B. Curlee, the sum of $4,745.35, with interest. All figured at $5,124.97, and that it is the desire and purpose of appellant, the mortgagor, to convey the property in payment of the debt, but "to reserve to himself his equity of redemption of said land as fully and completely as if the same had been regularly and legally foreclosed as provided by the terms of said mortgage." Also that he "shall have two years from the date of the execution of this deed within which to redeem said lands under the same terms and conditions as if said mortgage above referred to had been regularly and legally foreclosed as provided for by the terms of said mortgages."

The meaning of those terms has been defined by this court. It is clear. Stoutz v. Rouse, 84 Ala. 309, 4 So. 170.

Possession of the land was surrendered to the grantee. It was later awarded to one of the heirs of W. B. Curlee as her share of the estate on a division. She has sold some and mortgaged some, and her grantees are made parties.

The equity of the bill was sustained on former appeal. 229 Ala. 505, 158 So. 189. It is based upon the allegation that the deed was given to secure "what might still be due on and was a continuation of said mortgages * * * and was intended by each of the parties * * * to operate as a mortgage."

No effort was made to exercise the right of redemption expressly reserved by the deed, which is the statutory right. The use of the words "equity of redemption" at one place in the deed is self-correcting in this respect. Appellant does not claim that by the terms of the deed he has an equity of redemption. But he alleges and sought to show that the deed was not intended to be what its recitals indicate, and that it was but a continuance of the mortgages for two years, notwithstanding possession was delivered and thereafter held, and other property in the mortgages thereby automatically released; and the land was then, as we conclude from the evidence, not substantially of more value than the mortgage debt. The deed, if effective as it recites, fixed the amount of the debt and satisfied it; so that, to redeem, appellant must

**420**

pay it and 10 per cent. interest and all lawful charges, including very valuable improvements.

 Although the language of the deed and accompanying instruments are clear beyond peradventure, the grantor may show that it does not express the agreement in full, but that both parties intended and agreed that it should be treated merely as a security for a debt. West v. Hendrix, 28 Ala. 226; Knaus v. Dreher, 84 Ala. 319, 4 So. 287; Martin v. Martin, 123 Ala. 191, 26 So. 525; Stollenwerck v. Marks & Gayle, 188 Ala. 587, 65 So. 1024, Ann.Cas. 1917C, 981; Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A.L.R. 110. But, when that is the question, it is one of fact, and "the evidence must be clear and convincing to overcome the terms of the writing." Douglass v. Moody, 80 Ala. 61; Rodgers v. Burt, 157 Ala. 91, 47 So. 226.

There is no room for an application of the doctrine that, when the recitals of the instrument and accompanying documents are uncertain in terms, whether the transaction should be construed as a mortgage to secure a debt or a conditional sale, the court leans to the former theory, when there is a debt to be secured. Hughes v. McKenzie, 101 Ala. 415, 13 So. 609; Vincent v. Walker, 86 Ala. 333, 5 So. 465.

 Appellant's counsel on the argument disclaimed any intention in this suit of seeking to have the benefits expressly reserved in the deed, and the bill does not bring the suit within its terms. In so far as it has equity, it is solely predicated upon the idea that the mortgage debt was not satisfied and that the deed was not a foreclosure deed, but that the equity of redemption exists and is sought, rather than the statutory right which is expressly declared in the deed.

The whole inquiry, therefore, is one of fact. Is the deed in question what it purports to be? It was prepared by a skillful lawyer who understood the meaning of the language used. He was told in the presence of appellant that such was the agreement, and appellant assented to it. The deed was likewise then prepared and read to appellant, and he did not express any dissent nor claim that it did not recite the agreement as made, or that it was intended or agreed to be for a different purpose. There is no sort of sharp practice nor fraud or other improper conduct in or about its execution.

We agree with the trial court in its finding and judgment.

Affirmed.

GARDNER, BOULDIN, and BROWN, JJ., concur.