28 So.2d 629

### HOLMAN v. HALL.
### 6 Div. 488.

Supreme Court of Alabama.
Dec. 19, 1946.

Rehearing Denied Jan. 16, 1947.

542

E. D. McDuffie and A. K. Callahan, both of Tuscaloosa, for appellant.

W. A. Davis, of Aliceville, for appellee.

FOSTER, Justice.

This is a suit in equity to enforce an alleged equity of redemption, filed by appellant against appellee.

Appellant had owned the land for a long time, subject to mortgages on it. In 1930 he borrowed some money from his sister-in-law, Miss Mary Harper, and gave her a mortgage on the land for $2650. He made some payments on the debt until in 1939, when he could not go further and the mortgagee was pressing for payment, and began foreclosure. By agreement in lieu of foreclosure, he executed a deed to her in which the total debt and costs were recited to be $3431, and in which he reserved by express terms the statutory right of redemption for two years upon the payment of that amount.

On December 15, 1941, and within the two year period, this redemption was effected; the process being that appellee made a check to appellant for said sum of $3431, and he indorsed it to Miss Mary Harper, and in the same transaction she made a deed to appellant and he made one to appellee.

The basis of appellant's right to relief in this case, as set out in his bill, is that the arrangement he had with appellee created an equitable mortgage, with the right of a mortgagor to exercise the equity of redemption.

Appellant testified of his relations with appellee, as follows: "Mr. Hall stopped by and asked what I was going to do about the place, and I said I was figuring on redeeming it (that was from Miss Harper), and he said 'I'll give you $20.00 to redeem it for me. Other parties are going to get it'; and I said 'I'll redeem it if you'll give me a year's redemption like I have with Mary, (that is, Miss Harper). I won't ask for as much time' (that is two years). And he agreed and went away." Later they went to the lawyer's office, but he was busy, and they went to the hotel, and "Mr. Hall said it did not suit him for that to be put in the deed, and he said: 'If you redeem it, I'll make you a deed. I'll pledge you my word of honor I'll do it.'" And in that transaction he agreed to rent the land from Mr. Hall, and to give him as rent one-fourth of everything he raised. He farmed it that year (1942), and gave him a fourth of what he raised. That "a little before that year was up," he went to appellee, and told him that he was ready for him to make the deed, but appellee said he was in a hurry and went right on away. About a week later he went to appellee, and "asked him about it, and he said, 'I'm not willing to make you a deed. You are doing mighty well like you are. You can stay on your lifetime just like you are, you've got a farm,' and I said 'That don't suit me, I want the place like you agreed to,' and he said he wasn't going to make me a deed and shook his head and walked away." The bill was filed December 13, 1943. The lawyer testified: "I remember something was said about a redemption period, and I'm sorry I don't know more definitely what was said." Appellant proved by two children, one fourteen and one thirteen years of age, that they heard appellee say he would give appellant $20 to redeem for him, and he said he didn't want $20, all he wanted was for appellee to give him a year's time. A Mr. Geer, in testifying for appellant, said appellant told witness "that Mr. Hall (appellee) had told him he would give him a year of redemption rights as he had on the foreclosure," and that the land was worth about $3500.

Appellant further testified: "It was a debt but I didn't give him no note." "I was to pay, but didn't give him any showing, nothing but the deed." This seems to be the interpretation of the transaction by appellant, rather than a statement of what occurred. Nowhere does he or anyone else testify that appellant agreed to repay the purchase price to appellee or bound himself to redeem the land.

Appellee testified that he made no agreement with appellant for a right of redemption, or for a loan of money, and his testimony was as follows: "I told him he had been in that place all his years and never had paid even the interest on the money, and since Miss Mary Harper took it he hadn't paid the interest, and I didn't see it would be necessary to have any redemption wrote into it, and J. T. Geer had talked to him about it, and said when Mr. Holman came to him that morning of December 15, 1941, he told him he was too old a man to put out that much money, and on that day we traded for this place we went into Jesse Bailey's store late. I come in off the truck and he come to me and told me about the option that he had put up and would be foreclosed in two or three days, and I told him that was a lot of money to put out but I'd do it if he would give me a clear deed to it and stay and work it, and times we still had I wouldn't put it out any other way and he said he'd have to move if Mr. McDaniel got it, and I told him I'd take it up if he would give me a clear deed to it and stay and work it, and everything went nicely for two years but the second year he come and asked me."

■ Appellant first makes the point that appellee did not make a note of his testimony before the trial court, though this was done for appellant, and therefore the evidence for appellee should not be considered.

Rule 57, Equity Practice, Code 1940, Tit. 7 Appendix, provides that it is not necessary to note any testimony given orally before the judge in open court under Rule 56, if written out and filed in the cause. Appellant contends that though the testimony was given orally before the

judge in open court under Rule 56, it was not written out and filed until a later date, and after the trial. But it was written out and filed at such later date. It was held in White v. White, 246 Ala. 507, 21 So.2d 436, that this was a sufficient compliance with the rule in such a situation.

Appellee contends that relief was properly denied appellant because the latter should not be permitted to litigate such a claim until he had surrendered possession to appellee, the landlord, and sets up estoppel in his answer. But such principle of estoppel does not apply when the agreement to be a tenant and pay rent was an incident in the same transaction in which the equitable rights of appellant were created, and is consistent with their assertion under the terms of the rental agreement. France v. Ramsey, 214 Ala. 327, 107 So. 816.

We therefore reach the main issue in the case: Was this transaction an equitable mortgage?

It is well established that an agreement giving a "mortgagor [the right to] redeem or repurchase the property within two years, or within a reasonable specified time * * * cannot rest in parol, or be established by parol evidence." Johnson v. Maness, 232 Ala. 411, 168 So. 452, 453; Peagler v. Stabler, 91 Ala. 308, 9 So. 157; Goree v. Clements, 94 Ala. 337, 10 So. 906.

But the principle on which appellant rests his case is stated in Richardson v. Curlee, 231 Ala. 418, 165 So. 223, 224, as follows:

"Although the language of the deed and accompanying instruments are clear beyond peradventure, the grantor may show that it does not express the agreement in full, but that both parties intended and agreed that it should be treated merely as a security for a debt. West v. Hendrix, 28 Ala. 226; Knaus v. Dreher, 84 Ala. 319, 4 So. 287; Martin v. Martin, 123 Ala. 191, 26 So. 525; Stollenwerck v. Marks & Gayle, 188 Ala. 587, 65 So. 1024, Ann.Cas.1917C, 981; Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A.L.R. 110. But, when that is the question, it is one of fact, and 'the evidence must be clear and convincing to overcome the terms of the writing.' Douglass v. Moody, 80 Ala. 61; Rodgers v. Burt, 157 Ala. 91, 47 So. 226."

The fact that a right was granted one to redeem land has been said to be a circumstance leaning toward a mortgage rather than a conditional sale when that is the controverted question; but the Court will not declare that it is a mortgage unless there is a continuing debt. Appellee denied any agreement at all in that connection. When so, complainant must show by clear, consistent and convincing evidence with the presumptions leaning against him that the deed was not solely what it purported to be. Lindsey v. Hamlet, 235 Ala. 335, 179 So. 234.

The fact that appellant did not assess the land to himself for taxes; that he gave no note or obligation, verbal or written, to repay the money to appellee; that he rented the land from appellee; that the land was not then worth substantially more than the amount paid by appellee, are all circumstances operating against the contention of appellant that the transaction was an equitable mortgage. Lindsey v. Hamlet, supra; Holman v. Weed, ante, p. 179, 26 So.2d 721.

Appellant did not occupy the status of a mortgagor conveying his equity of redemption to the mortgagee in a transaction which must be fair, reasonable and just in all its parts. It is therefore not within the discussion in the case of Johnson v. Maness, 241 Ala. 157, 1 So.2d 655, as claimed by appellant.

It is also true that throughout his testimony appellant speaks of the transaction as a right given him to redeem, and speaks of it as similar to that which he had with Miss Harper (only the time was not as long), which by express provision in the deed was but a statutory right of redemption, and in essence an option, which is within the statute of frauds.

The real essence of his testimony is that he claimed a *right* to redeem not an *obligation binding* on him to do so. It was not in writing, and such an agreement was void under the statute of frauds. Moreover, that is not what was set up in his bill of complaint as constituting his equity. The bill specifically alleged that appellee

made a loan to appellant and the deed was made as security for that loan, not that he merely had a right of redemption, as he testified.

We do not think appellant has met the burden, and such was the opinion and decree of the trial court on testimony taken in open court before the trial judge.

The decree is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.